```
              IN THE UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF PENNSYLVANIA


CHARLES R. CONLEY, ET AL.,         )    CIVIL DIVISION
                                   )
         PLAINTIFFS,               )    CA #02-CV-4886
                                   )
     vs.                           )    ANSWER
                                   )
CONSOLIDATED RAIL CORP.            )    JURY TRIAL DEMANDED
NORFOLK SOUTHERN RAILWAY CO.       )
& CSX TRANSPORTATION, INC.         )
                                   )
         DEFENDANTS.               )
```

### ANSWER TO PLAINTIFFS' COMPLAINT

AND NOW COME Defendants, Consolidated Rail Corporation, Norfolk Southern Railway Company and CSX Transportation Inc., by and through their attorneys Burns, White & Hickton and states as follows:

### FIRST DEFENSE

1. These Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of Paragraph 1, hence all averments are denied.

2. The averments of Paragraph 2 are admitted as to residence.

3. The allegations contained in Paragraph 3 of Plaintiffs' Complaint are admitted to the extent that Consolidated Rail Corporation has existed only since April 1, 1976, as a common carrier by rail. Subsequent to June 1, 1999, Consolidated Rail Corporation did not conduct any

1

railroad operations and/or any business, whatsoever, in any area other than the Detroit Metropolitan area and the Northern New Jersey and Southern New Jersey-Philadelphia areas.  By way of further response to Paragraph 3, it is specifically denied that CSX Transportation Inc., and Norfolk Southern Railway Company are successors-in-interest and/or liability to any other entity.  It is admitted that Norfolk Southern Railway Company and CSX Transportation Inc., are common carriers by rail.

    4.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 4.  Said allegations are denied.

    5.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 5.  Said allegations are denied.

    6.    The averments contained in Paragraph 6 of Plaintiffs' Complaint are denied.

    7.    The averments contained in Paragraph 7 of Plaintiffs' Complaint are denied.

    8.    The averments contained in Paragraph 8 of Plaintiffs' Complaint, through and including subparagraphs (a) - (l) are denied.

    9.    All of the allegations contained in Paragraph 9 of Plaintiffs' Complaint are denied.

WHEREFORE, Defendants, Consolidated Rail Corporation, Norfolk Southern Railway Company and CSX Transportation Inc., demand judgment against the Plaintiffs.

## SECOND DEFENSE

10. Defendants, believe and therefore aver, that all of Plaintiffs' claims are barred by applicable statutes of limitation. Accordingly, Defendants hereby plead all applicable statutes of limitation as a complete bar to the entirety of Plaintiffs' claims.

## THIRD DEFENSE

11. So far as applicable, Defendants hereby plead any and all statutes of limitation created by the Regional Rail Reorganization Act, as amended, and believes and therefore avers that each Plaintiff's claims are barred by the specific statute of limitation as contained in and established by the Regional Rail Reorganization Act of 1973, as amended.

## FOURTH DEFENSE

12. Defendants plead all provisions of the Regional Rail Reorganization Act as a complete bar to the direct liability of these Defendants.

**FIFTH DEFENSE**

13. While denying that any of the Plaintiffs sustained the injuries and/or damages as alleged, if it would ultimately be proven that any of the Plaintiffs did sustain the damages and/or injuries in the fashion alleged, Defendants believe and therefore aver that each Plaintiff's own contributory negligence may have and/or did contribute, in a substantial way, to the happening and/or occurrence of the alleged injuries. And, accordingly, Defendants plead each Plaintiff's contributory negligence in diminution of any award each Plaintiff may ultimately receive.

**SIXTH DEFENSE**

14. While denying that any Plaintiff sustained the damages as alleged, Defendants believe and therefore aver that any damages any Plaintiff may ultimately be entitled to recover from these Defendants may or are possibly limited in scope by the provisions of the Federal Employers' Liability Act, and said recovery may be limited as to those damages specifically annunciated therein. Accordingly, in the event said act is applicable, all sections of Plaintiffs' Complaint seeking damages other than those provided for in the Federal Employers' Liability Act fail to state a valid cause and/or causes of action upon which relief may be granted and should be dismissed. Alternatively, all said sections of Plaintiffs' Complaint should be stricken.

**SEVENTH DEFENSE**

15. Consolidated Rail Corporation did not exist prior to April 1, 1976.

16. Accordingly, all sections of Plaintiffs' Complaint seeking recovery for incidents which occurred prior to April 1, 1976, fails to state a valid cause and/or causes of action upon which relief may be granted and should be dismissed.

**EIGHTH DEFENSE**

17. Plaintiffs' Complaint, as to these Defendants, fails to state a valid cause and/or causes of action upon which relief may be granted and should be dismissed. Plaintiffs have failed to state a claim upon which relief can be granted.

**NINTH DEFENSE**

18. Venue of the instant action is improper in that each Plaintiff resides in and/or each Plaintiff's alleged cause of action arose in a County and/or State other than Eastern District of Pennsylvania, and hence, this cause of action should be dismissed.

**TENTH DEFENSE**

19.   Joinder of the seven (7) Plaintiffs in the within action is improper and not permissible in that the within Plaintiffs have failed to assert any right to relief jointly, severally, or in the alternative, in respect of, or arising out of, the same transaction, occurrence, or series of transactions or occurrences, and/or that any question of law or fact is common to the within Plaintiffs.

**ELEVENTH DEFENSE**

20.   This Court lacks jurisdiction of the person of Defendants, pursuant to 45 U.S.C. §56, in that each Plaintiff's cause of action did not arise in the within jurisdiction; Defendant(s) do not reside within the instant jurisdiction; and Defendant(s) are not and were not doing business within the instant jurisdiction at the time this action was commenced.

WHEREFORE, Defendants, Consolidated Rail Corporation, Norfolk Southern Railway Company and CSX Transportation Inc., demands that each Plaintiff's action be dismissed, and

that they be permitted to recover the costs of defending this action.

JURY TRIAL DEMANDED.                Respectfully submitted,

                                BURNS, WHITE & HICKTON

                                By_____
                                  Michael W. Burns, Esq.
                                  Pa. ID#15795
                                  Attorney for Defendants,
                                  Consolidated Rail Corporation
                                  CSX Transportation Inc.
                                  Norfolk Southern Railway Company
                                  120 Fifth Avenue - Suite 2400
                                  Pittsburgh, Pa.  15222-3001
                                  (412) 394-2500

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 4th day of DECEMBER 20002 a copy of the within was served on all counsel of record, via first class mail:

```
        Joseph J. Cappelli, Esq.
        Six Tower Bridge
        Suite 550
        181 Washington Street
        Conshohocken, PA  19428



        By_____
          Michael W. Burns, Esquire
          Attorney for Defendants
          Consolidated Rail Corporation
          CSX Transportation Inc.
          Norfolk Southern Railway Company
```